## H. P. Madrey, Appellee, v. Henry Meyers, Appellant.

Instructions—*effect of clerical mistake in.* The omission of the word "if," when clearly a clerical error not materially affecting the meaning of the instruction, is not ground for reversal.

Action commenced before justice of the peace. Appeal from the City Court of Alton; the Hon. James E. Dunnegan, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

Boynton & Meriwether, for appellant.

J. A. Lynn and John J. Brenholt, for appellee.

Mr. Justice Myers delivered the opinion of the court.

Appellee brought suit against the appellant in a justice court to recover a bill of $13.46 for wall paper sold to appellant. The defendant filed a claim of set-off, $76, for two months' rent of premises occupied by plaintiff under lease from defendant. The justice gave the defendant judgment for $62.54, from which the plaintiff appealed to the City Court, where the case was tried by a jury, resulting in a verdict and judgment for the plaintiff for the amount of his claim, $13.46. The defendant appealed to this court.

The evidence proves or tends to prove that appellee held certain premises under written lease from appellant. The lease was for a term of five years from December 1, 1904, at a rental of $38 a month. In July, 1905, appellee complained that the building needed repairs and threatened to leave the premises unless there was a reduction of rent. Appellant reduced the rent and thereafter collected $35 per month until the first of February, 1906, when appellee moved out, except as to a part of his goods, which, by permission of appellant, were left in the store. On or about February 8th appellant received the key to the

Madrey v. Meyers.

building, which he thereafter retained. About the first of April appellee paid $3.75 as an agreed balance in full settlement of rent and removed his remaining goods from the building, which had prior thereto been leased and possession given by appellant to the Alton Furniture Company. In May appellant bought wall paper of appellee to the amount of $13.46, for which the verdict and judgment was rendered.

The appellee claimed and testified that there was an agreement, settlement and understanding that terminated his tenancy February 1, 1906; that he paid what was due; that he surrendered the premises, and that appellant took possession thereof. Appellant contradicts all this by his testimony, and in the circumstances shown by evidence we find corroboration of one or other party, according as we allow or withhold credit to the evidence introduced. In this conflict of evidence it was for the jury, and not the court, to determine the facts in issue, and the verdict is therefore conclusive, unless there was prejudicial error in the proceedings.

We find no error in the court's rulings in giving and refusing instructions that would justify a reversal of the judgment. The omission of the word "if" in the introductory part of appellee's first given instruction does not materially affect the meaning, and was so palpably a mere clerical mistake that the jury could not have been misled by it. The second instruction is subject to criticism, but as there was no dispute as to the amount of appellee's claim for paper sold the appellant, the instruction worked no harm. The proposition of law contained in appellant's third instruction, refused, had no application under the issues in this case, and the court did not err in refusing it. The instructions, considered as a whole, sufficiently and properly direct the jury as to the law applicable under the issues, and we find nothing in form or substance calculated to prejudice appellant. There is no discussion of other errors assigned

and no call for their consideration by this court. The judgment of the City Court will be affirmed.

*Affirmed.*